# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA BURBRIDGE,<br><br>                              Plaintiff,<br>  vs.<br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>                              Defendant. | CASE NO. 08cv2374 JM(POR)<br><br>ORDER GRANTING MOTION TO DISMISS |

      Michael J. Astrue ("Commissioner") moves to dismiss the action for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Defendant opposes the motion, arguing that her untimely request for administrative review is attributable to advice she received from the Commissioner's employees.

      The Commissioner moves to dismiss the complaint because there is no final decision of the Commissioner to review as required by 42 U.S.C. §§405(g) and (h). Under the Social Security Act, the authority to determine what constitutes a "final decision" rests with the Commissioner. <u>Mathews v. Eldridge</u>, 424 U.S. 319, 330 (1976). The legislative scheme provides that the determination of disability is one made in the first instance by a state agency, pursuant to regulations, guidelines, and performance standards established by the Commissioner. 42 U.S.C. §421(a). Upon receipt of an adverse initial determination, the claimant has 60 days in which to request reconsideration of the initial determination. 20 C.F.R. §§404.904, 404.909(a), 416.1404, 416.1409(a). A claimant's failure

to timely request reconsideration results in a binding initial determination. 20 C.F.R. §404.905, 416.505. Upon obtaining an adverse determination upon reconsideration, the claimant "shall be entitled to a hearing thereon by the Commission." 42 U.S.C. §421(d).

Here, Plaintiff has failed to seek reconsideration of the agency's unfavorable determination as required by 20 C.F.R. §§404.904, 404.909(a), 416.1404, 416.1409(a). (Devera Decl. ¶3(a); Exh. 3). Plaintiff has simply failed to pursue her administrative remedies prior to commencing the present action. Consequently, the court presently lacks jurisdiction to entertain Plaintiff's claim. See Califano v. Sanders, 430 U.S. 99, 108 (1977).

Even though Plaintiff cannot presently pursue a judicial remedy, the court notes that Plaintiff, pursuant to 20 C.F.R. §§404.911 and 930(2009), may request a hearing before an Administrative Law Judge. Moreover, the Government represents that it "finds good cause for Plaintiff's failure to timely file a request for a hearing before an Administrative Law Judge and, therefore, upon Order from this Court shall consider Plaintiff's filing of this Complaint as a timely request for a hearing before an Administrative Law Judge." (Response at pp. 2:28 - 3:3). Accordingly, the court instructs the Commissioner to "consider Plaintiff's filing of this Complaint as a timely request for a hearing before an Administrative Law Judge."

In sum, the court grants the motion to dismiss for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: December 18, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties